■ In the Matter of the Arbitration between LARRY SAL-

VANO et al., Respondents, and MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Appellant. [606 NYS2d 226] —Orders, Supreme Court, New York County (Burton Sherman, J.), entered on or about November 6 and 10, 1992, respectively, which, *inter alia,* compelled respondent-appellant to arbitrate, on an expedited basis, its claims for preliminary injunctive relief pending a full arbitration hearing on the merits of any claims it might have, and an amended counter-proposed order and judgment (one paper) of the same court and Justice, entered on or about February 25, 1993, which, *inter alia,* confirmed an interim arbitration award denying respondent-appellant's request for injunctive relief, unanimously affirmed, without costs. Appeal from the "order" of said court and Justice, entered on or about November 9, 1993, unanimously dismissed as one taken from a non-appealable order, without costs.

New York law applies in view of the parties' membership in the New York Stock Exchange ("NYSE"), since the arbitration agreement at issue is included in the Constitution and Rules of the NYSE, and since the contract of employment does not provide otherwise *(see, Dolman v United States Trust Co.,* 2 NY2d 110, 116). The IAS Court properly ordered an expedited arbitration, on the basis of fairness and equity, in light of the Federal courts' temporary restraining orders *(see,* CPLR 7506 [b]). Nor is the IAS Court precluded from issuing such an order since it is not preempted by the Constitution and Rules of the New York Stock Exchange or the Federal Arbitration Act and it is not inconsistent with the provisions of either *(see, Volt Information Sciences v Stanford Univ.,* 489 US 468).

We also find that defendants fail to sufficiently demonstrate a basis for overturning the arbitrators' award *(see, Matter of Silverman [Benmor Coats],* 61 NY2d 299, 307-309). Concur—Ellerin, J. P., Asch, Rubin and Nardelli, JJ.